WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alison Mayfield, | No. CV-22-02205-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| City of Mesa, et al., | |
| Defendants. | |

Pending before the Court is Defendant City of Mesa's ("Defendant") Motion for Attorney Fees ("Motion"). (Doc. 32). Plaintiff Alison Mayfield ("Plaintiff") has filed a response, (Doc. 33), and Defendant has filed a reply, (Doc. 36). The Court now rules.

## I.   BACKGROUND

Plaintiff filed this action against Defendant[1] alleging two counts: (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, and (2) violation of Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794. (*See generally* Doc. 13 (operative complaint)). On March 9, 2023, Defendant moved to dismiss the case, arguing that Plaintiff's claims were procedurally barred and, alternatively, failed on the merits. (*See generally* Doc. 21). Plaintiff opposed the motion, (Doc. 24), and Defendant replied in support, (Doc. 26). On October 25, 2023, this Court issued an Order dismissing Plaintiff's case with prejudice. (*See generally* Doc. 28). Plaintiff filed a notice of appeal on October

---

[1] Plaintiff's action was initially filed against several defendants. (*See generally* Doc. 1). However, all defendants other than Defendant City of Mesa were terminated as parties prior to the Court's ruling on Defendant's Motion to Dismiss.

26, 2023. (Doc. 30). On November 8, 2023, Defendant filed the instant motion for attorneys' fees.

## II. LEGAL STANDARD

This Court may award attorneys' fees in civil rights cases such as this one if the Court finds that the plaintiff's suit was "frivolous, unreasonable, or without foundation." *Sanchez v. Cty. of Santa Ana*, 936 F.2d 1027 (9th Cir. 1990). While a frivolous case will always lack evidence to support it, the absence of evidence at the end does not necessarily make a case frivolous. Sometimes insufficiently pled cases fail to survive motion to dismiss while still not falling to the level of frivolousness. *See Watson v. County of Yavapai*, 240 F. Supp. 3d 996, 1001 (D. Ariz. 2017) (citing *Ecogen, LLC v. Town of Italy*, 461 F. Supp. 2d 100, 103–04 (W.D.N.Y. 2006)) (noting an example of a court "denying defendant's motion for attorneys' fees despite Rule 12(b)(6) dismissal where policy contested in plaintiff's lawsuit 'could be considered to have some 'shortcomings'"). The Ninth Circuit Court of Appeals has repeatedly recognized that attorneys' fees in civil rights cases "should only be awarded to a defendant in exceptional cases." *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990); *see also Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 646 (9th Cir. 1999) (recognizing "the well-established rule that a [prevailing] defendant should only receive an award of attorneys' fees in extreme cases").

## III. DISCUSSION

### a. Motion for Reconsideration

Defendant asserts in its reply that Plaintiff's opposition to Defendant's Motion is a veiled attempt at a motion for reconsideration. The Court partially agrees with Defendant in that Plaintiff indeed raises new arguments and further elaborates on previous arguments. The Court certainly is not required to consider Plaintiff's new and restated arguments at this stage, especially given Plaintiff's failure to move for reconsideration. *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (stating the standard for granting a motion for reconsideration); *Rosco v. Transunion, LLC*, No. 2:17-CV-86-RMP, 2018 WL 1692937, at *3 (E.D. Wash. Jan. 8, 2018) (finding that

where a party did not file a motion for reconsideration, the court need not "re-litigate its earlier decision"). However, the Court also acknowledges that the line between seeking reconsideration and attempting to show that an argument was nonfrivolous is a hazy one. Thus, the Court briefly discusses Plaintiff's arguments as to the procedural position and merits of her case below.[2]

The Court first briefly addresses Plaintiff's renewed arguments regarding whether the *Heck* bar applied. The Court notes that while it did not explicitly address *Lockett v. Ericson*, 656 F.3d 892 (9th Cir. 2011), the Court indeed addressed numerous similar cases, explaining why the various cases to which Plaintiff cited were inapposite. *See Mayfield v. Cty. of Mesa*, No. CV-22-02205-PHX-JAT, 2023 WL 7018051, at *4 n.9 (D. Ariz. Oct. 25, 2023). In *Lockett*, the *Heck* bar was not implicated because the plaintiff challenged an allegedly illegal search of the plaintiff's home, in which officers obtained evidence that was never used against the plaintiff. *See generally Lockett*, 656 F.3d 892. In other words, the conviction was obtained regardless of whether the evidence from the plaintiff's house was used because the plaintiff was legally arrested and ultimately pled nolo contendere.

Here, Plaintiff challenges the circumstances of her arrest itself, claiming that she was denied the opportunity to fully participate in her arrest. (Doc. 13 at 12, 14–15). Unlike the circumstances in *Lockett*, Plaintiff's charges and ultimate conviction would be impossible without her arrest, which included field sobriety tests—the arrest Plaintiff now argues was so deficient it was discriminatory. Thus, even if Plaintiff pled guilty without the introduction of evidence against her, her arrest itself and the circumstances under which it was effectuated were integral to her charges and ultimate conviction.[3]

---

[2] In its discussion of Plaintiff's arguments in the following paragraphs, the Court incorporates and reiterates its reasoning in its Order dismissing Plaintiff's case, (Doc. 28). The Court's discussion here merely supplements its previous Order.

[3] The Court also notes that, contrary to Plaintiff's arguments, whether Plaintiff ultimately pled guilty to both or just one of the charges against her is of no consequence. *Byrd* specifically mentions both charges and convictions as forming the basis of the *Heck* bar. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 645 (9th Cir. 2006). Plaintiff's charge of DUI was based at least in part on her struggles with the field sobriety test, transportation to a DUI processing facility, and blood draw, all of which Plaintiff alleged were violations of the ADA and RA. Moreover, as noted above, Plaintiff's arrest was a necessary predicate for both charges and the ultimate guilty plea.

Indeed, in *Ove. v. Gwinn*, a case to which Plaintiff has cited, the Ninth Circuit Court of Appeals noted that a plaintiff's attempted challenge to his arrest itself in a later civil case was barred by *Heck*. 264 F.3d 817, 823 (9th Cir. 2001) (citing *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) ("We held that [the claim that the plaintiff was arrested without probable cause] was barred by *Heck* because it would necessarily imply the invalidity of the conviction, but that the excessive force claim was not"). In this vein, courts have found that there are circumstances under which the procedures or circumstances surrounding an arrest can be delineated from the fact of the arrest itself.[4] However, the Court has found Plaintiff's claims here more akin to an invalid arrest claim than to an excessive force claim (or some other claim of this delineable type). Plaintiff alleges she was denied the right to participate in her arrest, which necessarily implicates the fact of her arrest. In other words, Plaintiff's challenge necessarily is to the validity of her arrest; the Court concludes that it is logically impossible to delineate Plaintiff's claim in the manner Plaintiff propounds. As such, *Heck* applies and bars Plaintiff's claims.

Similarly, the Court briefly addresses Plaintiff's renewed—and, in some instances, new—arguments regarding the merits of Plaintiff's claims. The Court first notes that Plaintiff, for the first time, raises specific arguments concerning the body camera footage. (*See* Doc. 33 at 7). Arguments raised for the first time at this stage need not be considered.[5] As for Plaintiff's reiterated arguments, Plaintiff correctly states that it is undisputed that Plaintiff did not receive an ASL interpreter. However, the body camera footage shows Plaintiff's suggestion to write out communications, along with repeated instances of the officers involved verifying that Plaintiff understood what the officers were communicating to her, and that Plaintiff had no confusion or questions as to the instructions the officers provided.[6] The Court finds that Plaintiff's attempt now to claim that she did not receive

---

[4] For instance, if a plaintiff was arrested for DUI and was cooperating, but the arresting officer unprovokedly punched the plaintiff in the process of the arrest, the excessive force claim is certainly delineable from the fact of the arrest, and thus from the charge and conviction of DUI.

[5] *See Christie v. Iop*a, 176 F.3d 1231, 1239 n.5 (9th Cir. 1999) ("[W]e do not consider evidence or arguments presented for the first time in a motion for reconsideration.").

[6] *See, e.g.*, Def. Ex. 1 at 15:44 (Plaintiff making "O.K." sign to officer's instruction), 16:46 (officer asking whether Plaintiff understood instruction and Plaintiff indicating yes), 19:19

adequate communication from the officers, even if not barred by *Heck*, is unavailing because the undisputed evidence, in light of the applicable legal standard discussed in this Court's previous Order, demonstrates otherwise.

### b. Attorneys' Fees

As for entitlement to fees, Defendant argues in its motion that attorneys' fees should be awarded here for various reasons. Defendant cites to several cases in which courts have awarded attorneys' fees when a plaintiff proceeded in a case despite a defendant's "repeated warnings" to the plaintiff that the case was barred by *Heck*. (Doc. 32 at 7–8). Defendant further argues that Plaintiff's case was frivolous on the merits, asserting that "Plaintiff's approach to the body camera unreasonably and unnecessarily multiplied the proceedings." (*Id.* at 9). Additionally, Defendant asserts that Plaintiff "falsely claimed that Defendant's Motion [to Dismiss] would not be 'in good faith' if filed." (*Id.* at 10).

While the Court reiterates its conclusion that the *Heck* bar applies in Plaintiff's case and acknowledges the cases to which Defendant cites, the Court finds that Plaintiff raised nonfrivolous arguments that the *Heck* bar should not apply. Indeed, although the Court rejected Plaintiff's proffered application of *Heck* in this case, the Court acknowledges that existing precedent involving the *Heck* bar leaves some room for argument in certain circumstances. As such, the Court finds that attorneys' fees are not warranted on the basis that Plaintiff's *Heck* arguments were frivolous.

Regarding Plaintiff's underlying claims, the Court similarly finds that Plaintiff's claims do not rise to the level of "frivolous, unreasonable, or without foundation" because Plaintiff raised at least a plausible argument that it was questionable policy that Plaintiff was not afforded an official ASL interpreter during her arrest. *See Watson*, 240 F. Supp. 3d at 1001 (no attorneys' fees for a defendant when a plaintiff's claim challenges a policy that could be considered to have shortcomings). Again, although the Court has rejected Plaintiff's claims on the merits, the Court does not believe Plaintiff's claims were

---

(same), 22:28 (Plaintiff giving a "thumbs-up" signal in response to officer instruction), 23:40 (officer asking whether Plaintiff understood, Plaintiff indicating yes, officer asking whether Plaintiff had any questions, Plaintiff indicating no), 25:49 (same).

sufficiently "frivolous" under the stricter standard for granting a defendant's motion for attorneys' fees in civil rights cases.

Because the Court finds that Defendant is not entitled to fees, the Court does not address Defendant's or Plaintiff's arguments as to the reasonableness of the fees requested.

**IV.   CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Attorney Fees, (Doc. 32), is **DENIED**.

Dated this 5th day of January, 2024.

James A. Teilborg
Senior United States District Judge